UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THOMAS DANIEL LEE III, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:05-CV-571 (VARLAN/SHIRLEY) |
| KNOX COUNTY SHERIFF'S OFFICE, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.      Introduction**

This civil action is before the Court on the Motion to Dismiss Defendant District Attorney Randy Nichols [Doc. 9]. Defendant Nichols asserts several reasons in support of his motion to dismiss: (1) there is no jurisdiction for this claim because no case or controversy exists; (2) if plaintiff is complaining about action taken in his own on-going criminal hearings, plaintiff fails to state a claim upon which relief may be granted under the doctrine of abstention; alternatively, if there are no on-going criminal hearings, then the claim is moot; (3) the Eleventh Amendment and the doctrine of sovereign immunity preclude this complaint against General Nichols in his official capacity; further state officials in their official capacities are not "persons" under 42 U.S.C. § 1983; (4) declaratory relief is not appropriate because plaintiff's conclusory statements do not create a cause of action and there is no risk of imminent harm; and (4) the doctrine of prosecutorial immunity bars this claim against General Nichols in his individual capacity. Defendant Nichols has filed a

memorandum of law in support of his motion to dismiss [Doc. 10]. On March 7, 2006, plaintiff, acting *pro se*, was granted an additional thirty (30) days to respond to the pending motion to dismiss [*see* Doc. 12]. However, plaintiff has not responded to the motion to dismiss and the time for doing so has passed. *See* L.R. 7.2.

**II.     Facts**

As set forth in the *pro se* complaint filed December 16, 2005 [Doc. 3], plaintiff has sued the Knox County Sheriff's Office and Sheriff Tim Hutchison, Knox County Criminal Court Judge Mary Beth Liobwitz [sic – Leibowitz], Knox County Criminal Court Clerk Martha Phillips, and the Knox County District Attorney Randy Nichols. It is worth noting that only defendant Nichols has appeared in this action. The complaint asserts claims for "malicious prosecution, prosecution of defendant with mental and physical disabilitys [sic], [and] violation of rights to quick and speedy trial." [*Id*. at p. 1.] The only allegation specific to defendant Nichols alleges that "[t]he Knox Co Attorney General's office puts off trials untill [sic] defendants witness's [sic] have moved or died leaving defendant with no fact to prove theory." [*Id*. at p. 2.] Plaintiff seeks relief as follows: "grant future trials to be outside of Knox Co; twelve million dollars (12,000,000) for loss of liberty, past earnings, pain & suffering and mental anguish; look at defendants criminal history and remove any questionable convictions; and check judges, sheriffs, county clerks offices for corruption." [*Id*. at p. 3.] The Court also observes that the complaint does not distinguish whether the claims against defendant Nichols are asserted in his official or individual capacity.

2

**III.     Analysis**

As set forth above, defendant Nichols has asserted several arguments in support of the motion to dismiss. Because defendant's motion is due to be granted on several grounds, the Court need not address all of the arguments raised in the motion.

   A.     <u>Eleventh Amendment Immunity</u>

Defendant Nichols has moved for an order dismissing the complaint against him pursuant to Fed. R. Civ. P. 12(b)(1) and (6). He argues that plaintiff's claims against state employees are barred by the Eleventh Amendment and that the District Attorney General, in his official capacity, is not a "person" under 42 U.S.C. § 1983.

Defendant's motion as to Eleventh Amendment immunity will be viewed as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In analyzing a motion under Fed. R. Civ. P. 12(b)(1), the Court must make the distinction between Rule 12(b)(1) motions which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (*citing Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)).

With respect to a "facial attack," the basis of the challenge is not that the Court does not actually have jurisdiction over the case, but rather that a plaintiff has failed to faithfully recite all the jurisdictional predicates necessary for the Court to exercise subject matter jurisdiction over the matter. *RMI Titanium Co.*, 78 F.3d at 1134. In contrast, a party who makes a "factual attack" is challenging the actual existence of the Court's jurisdiction over

the matter, a defect that may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *Id.*

If the motion to dismiss involves a "facial attack," the Court must consider the allegations contained in the complaint to be true. *Id*. In this scenario, the complaint should not be dismissed unless a plaintiff can show no arguable basis in law for the claim made. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

Defendant's motion attacks the sufficiency of plaintiff's complaint based on the legal doctrine of Eleventh Amendment immunity. As such, the motion, at least on this issue, is a facial attack on plaintiff's complaint and the Court will consider the allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *See Uttilla v. City of Memphis*, 40 F. Supp.2d 968, 970 (W.D. Tenn. 1999).

The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. This amendment has long been interpreted to include immunity as to suits against a state by one of its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003); *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002); *MacDonald v. Village of Northport, Michigan*, 164 F.3d 964, 970 (6th Cir. 1999).

4

The State is immune from a plaintiff's claims unless one of three exceptions applies. First, a state may consent to suit. *Barton*, 293 F.3d at 948. The State of Tennessee has not waived its immunity to suit for claims under § 1983.[1] *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Second, Congress may expressly abrogate the state's immunity in legislation pursuant to its powers under the Fourteenth Amendment. *Barton*, 293 F.3d at 948. The Supreme Court has held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Third, the Eleventh Amendment does not bar suits for prospective relief against a state official to prevent future constitutional violations. *Barton*, 293 F.3d at 948.

General Nichols has been sued in his official capacity, and plaintiff is seeking monetary compensation or retrospective relief from him. General Nichols is a state employee. Tenn. Code Ann. § 8-42-101(3)(A); Tenn. Code Ann. § 8-7-101 *et seq.*,; Tenn. Code Ann. § 8-7-201 *et seq.* To this extent, such actions are in essence claims against the State. *Edelmen v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ...As such, it is no different from a suit against the State itself."); *MacDonald*, 164 F.3d at 970 ("A suit against a state official is barred when the action in essence seeks to recover money from the state,

---

[1] It is worth noting that the plaintiff's complaint does not specifically assert a violation of 42 U.S.C. § 1983. However, the Court liberally construes plaintiff's complaint as attempting to assert such a claim as it appears to assert various civil rights-type allegations. Moreover, plaintiff specifically asserts a claim of "malicious prosecution" which may be asserted pursuant to § 1983. *See Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003).

5

because 'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 456 (6th Cir. 1998) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."). Accordingly, plaintiff's claims against defendant Nichols in his official capacity are barred by the Eleventh Amendment and will be dismissed. Similarly, the Office of the District Attorney General is a state entity. Tenn. Const. Art. VI § 5; Tenn. Code Ann. § 16-2-506. Thus, all claims against his office are also barred by the Eleventh Amendment and will be dismissed.

To the extent that plaintiff is asserting a state law claim(s) against defendant Nichols, the state doctrine of sovereign immunity bars suits against the State of Tennessee and its employees in their official capacities. Tenn. Const. Art. I, § 17; Tenn. Code Ann. § 20-13-102. In the absence of express authorization from the state legislature, any state law claims against the defendant in his official capacity must be dismissed. To the extent that plaintiff has sued defendant Nichols for violations of state law in his individual capacity, the defendant is also entitled to absolute immunity pursuant to Tenn. Code Ann. § 9-8-307(h).[2] Any state law claims against this defendant will be dismissed.

---

[2]Tenn. Code Ann. § 9-8-307(h) provides: "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain."

B. <u>Prosecutorial Immunity</u>

Defendant Nichols also argues that he may be entitled to prosecutorial immunity inasmuch as the alleged unconstitutional actions were likely performed within the scope of his prosecutorial duties. It is well-settled that a prosecutor is entitled to absolute immunity from suit under § 1983 when he acts within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). The allegations against General Nichols appear to assert that the alleged violations occurred solely in the course and scope of his official duties as the District Attorney General for Knox County. Thus, to the extent that plaintiff asserts federal claims against General Nichols within the scope of his duties as a prosecutor, defendant Nichols will be entitled to absolute immunity and those claims will be dismissed. Moreover, General Nichols is also entitled to absolute immunity for any state law claims such as malicious prosecution. *Willet v. Ford*, 603 S.W.2d 143, 146-48 (Tenn. Ct. App. 1979).

C. <u>Injunctive Relief</u>

Plaintiff's complaint seeks injunctive relief as follows: "grant future trials to be outside of Knox Co"; "look at defendants criminal history and remove any questionable convictions"; and "check judges, sheriffs, county clerks offices for corruption." [Doc. 3 at p. 3.] A claim for injunctive relief is only appropriate if the plaintiff has shown an "actual present harm or a significant possibility of future harm." *Blakely v. United States*, 276 F.3d 853, 873 (6th Cir. 2002). Further, the "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any

7

continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). Plaintiff has not shown an actual present harm by General Nichols, nor any potential for future harm. Plaintiff's claim for injunctive relief against General Nichols, to the extent one has been stated, will also be dismissed.

**IV.    Conclusion**

For the reasons set forth herein, defendant Nichols' motion to dismiss [Doc. 9] will be **GRANTED** and the claims against him will be **DISMISSED with prejudice**.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE