UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS DANIEL LEE III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY SHERIFF'S OFFICE, *et al.*, )<br>)<br>Defendants. ) | No.: 3:05-CV-571<br>(VARLAN/SHIRLEY) |

**MEMORANDUM OPINION**

**I.     Introduction**

This civil action is before the Court on the motion to dismiss filed by defendants Knox County Sheriff's Department, Sheriff Tim Hutchison, and Knox County Criminal Court Clerk Martha Phillips [Doc. 15]. The defendants have asserted several reasons in support of the motion to dismiss set forth in detail in a supporting memorandum of law [Doc. 16]. The plaintiff has not responded to the pending motion and the time for doing so has long passed. *See* L.R. 7.1(a), 7.2. Additionally, on June 22, 2006, the plaintiff was ordered [Doc. 17] to show cause why the pending motion should not be granted and/or why this case should not be dismissed for failure to prosecute. The Court has received no response or further information from the plaintiff.

**II.    Facts**

As set forth in the *pro se* complaint filed December 16, 2005 [Doc. 3], plaintiff has sued the Knox County Sheriff's Office and Sheriff Tim Hutchison, Knox County Criminal

Court Judge Mary Beth Liobwitz [sic – Leibowitz], and Knox County Criminal Court Clerk Martha Phillips.[1]  The complaint asserts claims for "malicious prosecution, prosecution of defendant with mental and physical disabilitys [sic], [and] violation of rights to quick and speedy trial." [*Id.* at p. 1.]  The complaint alleges that the "Knox Co. Sheriff's office uses the theory fact system and sometimes puts defendant under unreasonable bond.  Defendant can't, from jail get information from witness [sic] and other sources to prove innocence." [*Id.* at p. 2.]  The complaint further alleges that the "Knox Co. Criminal Court Clerk loses motions/court dates and payments pertaining to cases.  Fails to notify of ruleings [sic]." [*Id.*]  Plaintiff seeks relief as follows: "grant future trials to be outside of Knox Co; twelve million dollars (12,000,000) for loss of liberty, past earnings, pain & suffering and mental anguish; look at defendants criminal history and remove any questionable convictions; and check judges, sheriffs, county clerks offices for corruption." [*Id.* at p. 3.]  The Court also observes that the complaint does not distinguish whether the claims against defendants Hutchison and Phillips are asserted in their official or individual capacities.

## III.     Analysis

The defendants have presented several reasons in support of the motion to dismiss: (1) the plaintiff's allegations are general and conclusory in nature; (2) plaintiff makes no personal allegations, not even conclusory legally supportable statements, against these defendants; (3) plaintiff's claims are against the Sheriff and the Criminal Court Clerk in their

---

[1] Former defendant Knox County District Attorney Randy Nichols was dismissed pursuant to a motion to dismiss on April 21, 2006 [Doc. 14].

official capacities and, as such, they are claims against Knox County, Tennessee and there is no *respondeat superior* liability under 42 U.S.C. § 1983; (4) the Knox County Sheriff's Department is not an entity subject to suit under 42 U.S.C. § 1983; (5) the Knox County Criminal Court Clerk is entitled to judicial immunity, quasi-judicial immunity, common law immunity, good faith immunity, sovereign immunity, governmental immunity, and immunity under the Tennessee Governmental Tort Liability Act; and (6) plaintiff's cause of action is barred by the one year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(3). Because the defendants' motion is due to be granted, the Court need not address all of the arguments raised in the motion.

### A. Defendants Hutchison and Phillips in their Official Capacity

To the extent that defendants Hutchison and Phillips are sued in their official capacities, such claims are in essence claims against Knox County. *See Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) ("A section 1983 action against a city official in his or her official capacity is treated as an action against the City entity itself.") (quoting *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992)).

3

In order to state a claim against a governmental entity under § 1983, plaintiff must show that a policy or custom attributable to the governmental entity resulted in a violation of plaintiff's constitutional rights. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477-79 (1986); *Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507-508 (6th Cir. 1996). A municipal "policy" for purposes of § 1983 requires a "deliberate choice to follow a course of action ... made from among various alternatives by the official or the officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. A "custom" that is a basis for a civil rights violation must be "so permanent and well settled as to constitute a custom or usage with the force of law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir.), *cert. denied*, 510 U.S. 826 (1993). Moreover, plaintiff must show that Knox County itself caused the constitutional violation, *i.e.*, that there is a direct causal link between the policy or custom and the constitutional injury. *Doe*, 103 F.3d at 508.

Plaintiff's complaint does not identify any policy or custom of Knox County which could arguably be linked to a violation of his constitutional rights. Further, because there is no *respondeat superior* liability under § 1983, *Monell*, 436 U.S. at 691, *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994), Knox County cannot be liable for an injury inflicted solely by its employees or agents. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, plaintiff's complaint fails to state a claim against defendants Hutchison and Phillips in their official capacities upon which relief under § 1983 can be granted and those claims will be dismissed.

B. Defendant Knox County Sheriff's Department

As noted above, defendant Knox County Sheriff's Department seeks to be dismissed from this lawsuit because it is not an entity capable of being sued. The Court agrees with defendant and finds adequate case law to support this position. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (Jefferson County Police Department is not an entity which can be sued under § 1983); *Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp.2d 934, 947 (W.D. Tenn. 1999) (Memphis Police Department does not have capacity to sue or be sued under § 1983); *Cherry v. Blount County Sheriff's Office*, No. 3:99-CV-647 (E.D. Tenn. Jan. 13, 2000) (Blount County Sheriff's Office is not a suable entity within the meaning of § 1983). Accordingly, the claims against the Knox County Sheriff's Department will be dismissed.

C. Defendant Hutchison in his Individual Capacity

The complaint identifies Tim Hutchison, Knox County Sheriff, as a defendant as well as the Knox County Sheriff's Department. However, the complaint contains no factual allegations against defendant Hutchison individually. In order to state a claim against defendant Hutchison, a plaintiff must make specific allegations that defendant Hutchison was personally involved and personally participated in a deprivation of plaintiff's constitutional rights. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). In the absence of any such allegations, defendant Hutchison cannot be liable under § 1983 and the claims asserted against him in his individual capacity will be dismissed.

D. Defendant Phillips in her Individual Capacity

Defendant Phillips argues that she is entitled to judicial immunity, quasi-juridical immunity, common law immunity, good faith immunity, sovereign immunity, governmental immunity, and immunity under the Tennessee Governmental Tort Liability Act. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *Sparks v. Character & Fitness Committee of Ky.*, 859 F.2d 428, 430-31 (6th Cir. 1988), *cert. denied*, 489 U.S. 1011 (1989) ("public policy requires absolute immunity for public officials performing quasi-judicial functions"). Assuming the truth of plaintiff's allegations for purposes of this motion, defendant Phillips' actions in losing motions and/or court dates and payments and failing to notify defendant of rulings clearly occurred in the course and scope of her duties as the Knox County Criminal Court Clerk. *White by Swafford v. Gerbitz*, 892 F.2d 457, 464 (6th Cir. 1989); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973). Accordingly, defendant Phillips is entitled to absolute immunity and the claims against her will be **DISMISSED**.

E. Defendant Leibowitz

The Court's rulings on the above motions will dismiss all but defendant Leibowitz. A review of the record contains no evidence that this defendant has been served with process in compliance with Fed. R. Civ. P. 4(m). The 120-day period for service has passed and plaintiff has not shown good cause for the failure to achieve service, despite numerous

6

opportunities to do so.  Accordingly, the claims against defendant Leibowitz will be **DISMISSED without prejudice**.

IV. **Conclusion**

For the reasons set forth herein, the motion to dismiss of defendants Knox County Sheriff's Department, Sheriff Tim Hutchison, and Knox County Criminal Court Clerk Martha Phillips [Doc. 15] is hereby **GRANTED** and the claims against these defendants are **DISMISSED with prejudice**.  The claims against defendant Leibowitz are **DISMISSED without prejudice** for failure to achieve service of process in compliance with Fed. R. Civ. P. 4(m).

Order accordingly.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
